UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>MCCORKLE, et al.,<br><br>    Defendants. | No. 2:23-cv-00953-TLN-CKD P<br><br><br>ORDER |

Plaintiff is a county inmate prisoner and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

1

account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.    Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007)

2

(quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### II. Allegations in the Complaint

At all times relevant to the allegations in the complaint, plaintiff was an inmate at the Sacramento County Main Jail ("SCMJ") although it is not clear whether he was a pretrial detainee or serving a sentence. Plaintiff sues two named deputies and two sergeants employed at the main jail.

In his first claim for relief, plaintiff asserts that defendant McCorkle used excessive force against him in February 2023. Specifically, plaintiff indicates that defendant McCorkle struck him in his left chest causing him pain that lasted for several days. Plaintiff also indicates that defendant McCorkle issued him a false disciplinary report related to this incident.

In his second claim for relief, plaintiff alleges that the disciplinary hearing officer, defendant Spaid, was biased and found him guilty of insubordination even though there was no evidence of his refusal to obey an order. As a result of this disciplinary violation, plaintiff lost 5 days of good time credit.

In the third cause of action, plaintiff raises a separate due process claim against defendant Davis who reviewed the false disciplinary report and plaintiff's administrative grievance related to it.

In his last claim, plaintiff contends that defendant Anansev failed to intervene and protect him from a retaliatory cell search, the assault and battery, as well as the false report by defendant McCorkle. Defendant Anansev was next to defendant McCorkle and lunged towards plaintiff after McCorkle had struck him in the chest. Anansev also failed to report any of defendant McCorkle's actions.

By way of relief, plaintiff seeks the reversal of his disciplinary conviction as well as monetary damages.

### III. Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

#### A. Inmate Grievances

The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

#### B. False Disciplinary Reports

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir. 1984). An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right. See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).

#### C. Due Process

The Due Process Clause of the Fourteenth Amendment protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.

Wilkinson v. Austin, 545 U.S. 209, 221 (2005). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff v. McDonnel, 418 U.S. 539, 563–71 (1974). As long as the five minimum Wolff requirements are met and there is some evidence in the administrative record to support the decision of the hearing officer, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); Superintendent v. Hill, 472 U.S. 445, 455 (1985).

### D. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### IV. Analysis

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A

5

screening, finds that it states a cognizable excessive force claim against defendant McCorkle and a failure to protect claim against defendant Anansev in violation of the Eighth and Fourteenth Amendments.[1]  See 28 U.S.C. § 1915A.  Plaintiff's allegations fail to state a separate cognizable claim against defendants Davis and McCorkle related to the issuance of false disciplinary reports.  Plaintiff does not allege a cognizable claim against these defendants because there is no allegation that the disciplinary report was written in retaliation for plaintiff's prior grievances or other protected conduct.  Accordingly, plaintiff fails to state a cognizable claim based on the issuance of the false report by defendant McCorkle or the review of the report by defendant Davis.  Moreover, defendant Davis's participation in the grievance review process is not sufficient to state a claim against him.  See George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007).  The allegations against defendant Spaid fail to state a cognizable due process claim because the five minimum Wolff requirements were met during plaintiff's disciplinary hearing.  Although plaintiff disputes that some evidence existed to find him guilty of insubordination, he acknowledges that there was video tape evidence of the incident even though it did not include audio.  The video tape combined with defendant McCorkle's incident report is sufficient to constitute "some evidence" that plaintiff refused to follow a direct order.  The complaint alleges in an entirely conclusory fashion that defendant McCorkle conducted a retaliatory cell search, but there are no facts indicating that it was done in response to any protected conduct by plaintiff.  Therefore, the complaint fails to state a retaliation claim.

Based on these deficiencies with the remaining claims and defendants, plaintiff may choose to proceed immediately on the excessive force claim against defendant McCorkle and the failure to protect claim against defendant Anansev.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (finding that district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  If plaintiff elects to proceed against

---

[1] Because it is unclear whether plaintiff was a pretrial detainee or a serving a sentence, the court cannot determine at this preliminary juncture whether these claims are proceeding under the Eighth or the Fourteenth Amendments.  Unlike a convicted prisoner who must bring an excessive force claim under the Eighth Amendment, a pretrial detainee brings an excessive force claim under the Fourteenth Amendment.  Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).

defendants McCorkle and Anansev, the court will construe plaintiff's election as consent to dismiss the remaining claims and defendants pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

**V.     Leave to Amend**

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**VI.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You must decide if you want to (1) proceed immediately on the excessive force claim against defendant McCorkle and the failure to protect claim against defendant Anansev; or, 2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants.  **Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.**

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next. If you do not return this Notice, the court will order service of the complaint only on the claims found cognizable in this screening order and will dismiss the remaining claims and defendants pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 4,5) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the excessive force claim against defendant McCorkle and the failure to protect claim against defendant Anansev. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims and defendants.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

5. If plaintiff elects to proceed against defendants McCorkle and Anansev, the court will construe plaintiff's election as consent to dismiss the remaining claims and defendants pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

6. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified above.

Dated: September 25, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/spen0953.option


UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD SPENCE,<br><br>Plaintiff,<br><br>v.<br><br>MCCORKLE, et al.,<br><br>Defendants. | No. 2:23-cv-00953-TLN-CKD<br><br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the excessive force claim against defendant McCorkle and the failure to protect claim against defendant Anansev. Plaintiff voluntarily dismisses the remaining claims and defendants; **or**

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.

DATED:

_____
Plaintiff